## Commonwealth v. Weitzman

*William A. Frack*, district attorney, and *M. C. Schrader*, first assistant district attorney, for rule.

STEWART, P. J., February 17, 1936.—The statutes of Pennsylvania provide that the jury commissioners and one of the judges shall each year select such number of the sober, intelligent, and judicious electors of the county as may be sufficient to serve as jurors for the year. They do not say that the jurors shall be the most intelligent citizens of the county; that they shall be experts in their respective trades or profession; but they do require that they shall be intelligent and judicious.

Judicious means that they shall act with good judgment in every matter that is submitted to them. When you were sworn in this case, you were sworn to "well

and truly try the issue joined between the Commonwealth of Pennsylvania and the defendant and a true verdict give according to the evidence."

"According to the evidence" is the emphatic language of your oaths. In this case you disregarded your oaths and gave a verdict, not according to the evidence, but one that depended upon the flip of a coin. Such conduct is not only contrary to your oaths but is most reprehensible.

In a matter which involved a violation of the laws of this Commonwealth, instead of proving yourselves intelligent and judicious, and instead of deciding the case according to the evidence, you allowed your decision to be governed by chance.

One can scarcely think of a more flagrant neglect of duty than was manifested in this case, and it is what is called in the books a high contempt of court, and although it is scarcely probable that any future juries will act as you have done, yet it would not be proper to permit this outrage on the administration of public justice to pass without some punishment being meted out to those whose conduct was so illegal and outrageous.

It is often said that the proceedings of a jury are directed by the law to be entirely secret, but, where misconduct of the jury has been as flagrant as it was in this case, while the court cannot order a retrial of this defendant, and while the law compels us to permit him to go scot free, nevertheless the means by which the jury reached its verdict can be inquired into, and it is the duty of the court to make an example of jurors who so misbehave.

From one point of view the juror who made this disgraceful proposition is the most culpable, and yet when the others assented to the agreement you all become equally guilty with him.

Jurors who honestly and conscientiously cannot accede to the views of their fellows are entitled to prolong the deliberations of the entire jury, but the effort should be made to secure unanimity by discussion of the evidence

and the charge of the court, and by due deliberation. If unanimity cannot be reached after a reasonable length of time, the court will discharge a jury; but to agree on a verdict by lottery is the very antithesis of discussion and deliberation.

You are each and every one of you adjudged to be in contempt. If I thought there was any likelihood of a repetition of this disgraceful incident, I would feel it my duty to impose such a sentence on you as would deter others from committing a like offense, and would impose not only a fine but imprisonment. In this case, however, I know a number of you, and I think there was no intentional wrongdoing, but only a temporary eclipse of intelligence and moral perception.

The sentence of the court is that you and each of you pay a fine of $10 to the Commonwealth of Pennsylvania for the use of the County of Northampton, and that you pay the costs of this attachment, or give security to the sheriff to pay the same within 10 days, and stand committed until the sentence is complied with.